FREDDIE BROOKINS V. THE STATE OF TEXAS

NO. 07-
00-0159-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO 

PANEL 
D

MAY 18, 2000

FREDDIE BROOKINS
, 

Appellant

V.

THE STATE OF TEXAS
, 

Appellee

FROM THE 
242ND
 DISTRICT COURT OF 
SWISHER
 COUNTY; 

NO. 
B 3276-99-07-CR
; HON. 
EDWARD L. SELF
, PRESIDING

ABATE AND REMAND

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Appellant, Freddie Brookins, appeals his conviction of the offense of delivery of a controlled substance for which he was sentenced, by judgment dated February 18, 2000, to 20 years confinement in the Texas Department of Corrections Institutional Division.  Appellant’s retained trial counsel timely filed notice of appeal.  Although not in the record before us, this court was notified by attorney L. Van Williamson that appellant’s trial counsel had communicated with the trial court that appellant “may be indigent” and that he (trial counsel) did not wish to represent appellant on appeal.  Furthermore, Mr. Williamson advised the trial court that he would represent appellant as his court appointed counsel.  Nothing in the record before us indicates that appellant was adjudged indigent by the trial court or that counsel was appointed to represent him in this appeal.

In order to clarify appellant’s status regarding whether or not he is indigent and entitled to the appointment of counsel to prosecute this appeal, we now abate this appeal and remand the cause to the 242
nd
 District Court of Swisher County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

whether appellant desires to prosecute the appeal; 

whether appellant is indigent and entitled to appointed counsel; and

whether appellant is entitled to a free reporter’s record.

The trial court shall cause the hearing to be transcribed.  Should it be determined that appellant desires to continue the appeal and is indigent, then the trial court shall also appoint counsel and shall include the name, address, telephone number, and state bar number of said counsel in the order appointing new counsel.  Next, the trial court shall execute findings of fact and conclusions of law addressing the aforementioned issues and cause same to be included in a supplemental clerk’s record.  Finally, the trial court shall file the supplemental clerk’s record and the transcription of the hearing with the Clerk of 

this
 Court by Thursday, June 19, 2000.  Should further time be needed by the trial court to perform these tasks, then same must be requested before June19, 2000. 

It is so ordered.

Per Curiam

Do not publish.